# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:14CV-P707-H

**TEDDY ALBERT ALLMAN** *et al.*                                                 **PLAINTIFFS**

v.

**CORRECT CARE SOLUTIONS** *et al.*                                         **DEFENDANTS**

## MEMORANDUM AND ORDER

Teddy Albert Allman, an inmate at the Northpoint Training Center, filed the instant 42 U.S.C. § 1983 action. In addition to Teddy Albert Allman, the caption lists as Plaintiff "Teresa Gail Allman – formerly Davidson – by Power of Attorney." However, only Teddy Albert Allman signed the complaint.

Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). As Teddy Albert Allman is the only person who signed the complaint, he is the only proper Plaintiff before the Court. Furthermore, 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." The statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted). Therefore, since Teddy Albert Allman is proceeding *pro se*, he cannot bring claims on behalf of another person.

Furthermore, Teddy Albert Allman also indicates that Teresa Gail Allman is his "power of attorney" in the caption and attaches several signed documents professing to grant powers of

attorney.  One states that Teresa G. Davidson, who is the same person as Teresa Gail Allman, appoints Teddy A. Allman to be her power of attorney.  Another document states that Teddy Albert Allman appoints Teresa Gail Davidson as his power of attorney.  Another document, titled an "Authorization of Specific Power of Attorney," states that Teddy Allman appoints Teresa Gail Allman as his agent to sign legal documents on his behalf.

While it is unclear what exactly attaching these documents is seeking to achieve, to the extent that either Teddy or Teresa Allman is seeking to represent the other, neither is permitted to do so.  "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998).  Any authority that either Teddy Allman or Teresa Allman may have as power of attorney for the other does not authorize them to practice law by representing another person in a lawsuit; that must be done by a licensed attorney.  *See Kapp v. Booker*, No. 05-402-JMH, 2006 U.S. Dist. LEXIS 6370, *8 (E.D. Ky. Feb. 16, 2006).

Accordingly, **IT IS ORDERED** that Plaintiff Teddy Albert Allman is the only proper Plaintiff in this action.  The **Clerk of Court is DIRECTED** to terminate Teresa Gail Allman as a Plaintiff to this action.

Date:

cc: Plaintiff Teddy Albert Allman, *pro se*
   Teresa Gail Allman
4412.010