UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-P707-DJH

**TEDDY ALBERT ALLMAN**                                                                 **PLAINTIFF**

v.

**CORRECT CARE SOLUTIONS** *et al.*                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Teddy Albert Allman filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. Subsequent to the complaint, Plaintiff filed a motion seeking to "amend/augment" the complaint (DN 12). **IT IS ORDERED** that the motion (DN 12) is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1). This matter is before the Court on the initial review of the complaint and amended complaint pursuant to 28 U.S.C. § 1915A. Upon initial review, for the reasons set forth herein, the Court will dismiss the action.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff[1] is a convicted inmate who at the time he filed the complaint was incarcerated at the Roederer Correctional Complex (RCC). The docket shows that Plaintiff filed a notice of change of address to the Northpoint Training Center (NTC) shortly after filing this suit; then was subsequently transferred to the Kentucky State Penitentiary (KSP); and then transferred back to NTC, where he is currently incarcerated.

Plaintiff sues Correct Care Solutions and Correct Care Integrated Health Care, Inc., both of which Plaintiff identifies as the healthcare provider for the Kentucky Department of Corrections (KDOC). Plaintiff states that in 2008, "I was first diagnosed with a mild aortic valve

---

[1] The complaint originally named both Teddy Allman and his wife Teresa Gail Allman as Plaintiffs. However, Teresa Gail Allman was terminated as a party to this action (DN 8).

'murmur' known as Aortic Valve Regurgitation that has progressively gotten worse and due to my incarceration I have Not been given adequate medical health care and treatment . . . ." He reports that he has filed medical grievances which were denied. He states that the grievances requested as follows:

> proper and adequate care by a qualified Cardiologist who can provide me with the needed open heart surgery to repair the 'Hole' in the center wall of my heart and repair or replace the damaged Aortic Valve which is now listed as a rating of Moderate to Severe which is the same rating of the Focal Left Ventricular Apical Wall Defect . . . .

Plaintiff maintains that he was given a physical examination at RCC and "was told I would not be given any access to a Cardiologist at this time and would be forced to wait and suffer without needed proper medications even thoe it is a known fact within my medical file that I have already had numerous cardiac events as heart attacks . . . ." Plaintiff contends that he is "at risk of a Major Heart Attack and even Death due to the lack of needed surgery and ongoing cardiac care." Plaintiff further states that he has recurring chest pain "for which I must now take a time release nitrate based medication of Isosorbide DiNitrate 20mg x2x2 daily."

Plaintiff contends that the denial of medical care violates the Eighth and Fourteenth Amendments to the United States Constitution. He also states that it has caused him and his wife mental anguish. As relief, he seeks compensatory and punitive damages and injunctive relief.

In the amended complaint, Plaintiff states that he was "given a consultation with a cardiologist at the University of Kentucky's Gill Heart Institute on December-1st-2014 whereas the M.D. ordered a follow-up Echocardiogram Stress Test for a determination of when it would be best to schedule me for the needed Aortic Valve Replacement Surgery . . . ." He states that he was transferred from NTC to KSP on December 8, 2014. He states that the medical staff at KSP disregarded his "past standing medical orders." He states that he had been "stair restricted" because of heart and other health problems and required the use of a cane when having to walk

long distances due to bulging discs. He states, however, that at KSP he was required to walk up and down stairs daily and that walking canes were not allowed. He also states that he was not given his prescribed medications.

Plaintiff further alleges that "there was some retaliatory motive involved" with his transfer to KSP, a high-security prison. He states, "As I see it I was sent to KSP instead of KSR as an adverse action in part to assist the defendant in this case and to lash out at me due to another case where the KDOC is the named defendant #5:14CV-424-KKC, currently on file in the eastern district federal court in Lexington." He further contends that he was transferred to KSP in a "fully conspired effort to eliminate a problem, ME!"[2] Subsequent to the filing of the motion to amend, Plaintiff was transferred back to NTC on December 23, 2014.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

---

[2] In the motion to amend the complaint, Plaintiff also moves for an emergency protective order, which will be addressed by separate Memorandum and Order entered this date.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

**A.     Denial of medical treatment**

Plaintiff sues Correct Care Solutions and Correct Care Integrated Health Care, Inc., which based on the complaint the Court construes as private entities which have contracted with KDOC to provide medical care to inmates. The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Defendants.[3] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. A municipality cannot be held

---

[3]"It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* Thus, liability of a contracted private entity must be based on a policy or custom of the entity. *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of Defendants Correct Care Solutions or Correct Care Integrated Health Care, Inc., which caused the alleged denial of medical care. The complaint and amendment allege isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Accordingly, Plaintiff's claims against the Defendant entities will be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, based on the complaint and amendment, Plaintiff underwent a physical examination at RCC, is receiving a nitrate medication for his heart condition, and saw a

5

cardiologist at the University of Kentucky Gill Heart Institute on December 1, 2014. It is therefore clear that Plaintiff is receiving medical treatment for his heart condition. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996). Thus, a difference in medical judgment between an inmate and prison medical personnel regarding the appropriate diagnosis or treatment is not enough to state a deliberate indifference claim. *See Ward v. Smith*, No. 95-6666, 1996 U.S. App. LEXIS 28322, at *2 (6th Cir. Oct. 29, 1996).

Plaintiff's claims concerning his medical treatment appear to amount to a difference of opinion over the adequacy of the treatment he is receiving. Therefore, even if Plaintiff had named an individual whom he alleged was responsible for the denial of medical care, the claim would be subject to dismissal for failure to state a claim.

In addition, the Court notes that Plaintiff is now incarcerated at the NTC, which is located in Mercer County, Kentucky, in the Eastern District of Kentucky. Therefore, this Court is not the proper venue for any claims Plaintiff may wish to assert concerning his medical care at NTC. Any such claims must be brought in the U.S. District Court for the Eastern District of Kentucky against the specific individuals whom Plaintiff alleges are responsible for his medical care.

**B.     Retaliation**

Plaintiff also alleges that he was transferred from NTC to KSP in retaliation for filing this and other lawsuits. However, Plaintiff does not allege that Defendants are responsible for his transfer but alleges that KDOC had him transferred. To the extent that he is alleging a conspiracy between Defendants and KDOC, Plaintiff has failed to sufficiently plead a conspiracy. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). A conspiracy will exist under § 1983 when there is "an agreement between two or more persons to injure another by unlawful action." *Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).

To establish a civil conspiracy claim, a plaintiff must show that (1) a "single plan" existed, (2) the defendants "shared in the general conspiratorial objective" to deprive plaintiff of his constitutional or federal statutory rights, and (3) an "overt act was committed in furtherance of the conspiracy that caused injury" to the plaintiff. *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985); *see also Trans Rail Am., Inc. v. Hubbard Twp.*, 478 F. App'x 986, 988 (6th Cir. 2011). Accordingly, "pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Plaintiff's allegations lack the required specificity to plead a conspiracy claim and are merely conclusory allegations unsupported by facts. Moreover, he has now been transferred back to NTC and was incarcerated at KSP for only a short time. Accordingly, Plaintiff's retaliation claim will be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: January 7, 2015

*[signature]*

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4415.010